IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. JIMMY HEARD**

**Appeal from the Circuit Court for Rutherford County**
**No. F-58542A      Royce Taylor, Judge**

_____

**No. M2016-00622-CCA-R3-CD – Filed January 11, 2017**

_____

The Appellant, Jimmy Heard, is appealing the trial court's denial of his motion to correct an illegal sentence filed pursuant to Rules of Criminal Procedure Rule 36.1  The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Jimmy Heard, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia Lee, Senior Counsel, for the Appellee, State of Tennessee.


**MEMORANDUM OPINION**


In 2007, the Appellant was convicted, among other crimes, of evading arrest, a Class D felony.  *State v. Jimmy Lee Heard*, No. M2010-01030-CCA-R3-CD, 2012 WL 976188 (Tenn. Crim. App., Mar. 5, 2012), *perm to app. denied*, (Tenn., Aug. 15, 2012). He was sentenced as a Range II, multiple offender, and received a six-year sentence for the evading arrest conviction, which was ordered to run consecutively to other sentences imposed in the case.  2012 WL 976188 at *8.  The original judgment sheet for that offense was signed by the trial judge on April 2, 2007, but stamped "filed" by the clerk on April 1, 2007.  The original judgment reflected that the evading arrest conviction was a Class E felony.  On April 24, 2007, an amended judgment was filed on the evading

arrest offense to reflect that the conviction was for a Class D felony. *See* Tenn. Code Ann. § 39-16-603(b)(3). The Appellant appealed his convictions and sentences, and this Court upheld the judgments of the trial court. 2012 WL 976188 at *9.

In February 2016, the Appellant filed a motion challenging the legality of his sentence for evading arrest. *See* Tenn. R. Crim. P. 36.1. The Appellant argued that his sentence for that offense is illegal because the trial court entered an amended judgment without his presence, because the original judgment was stamped "filed" by the trial court clerk on a Sunday, and because the sentencing judge should have recused himself. The trial court summarily denied the motion. The Appellant has appealed. Following the filing of the record and the Appellant's brief, the State filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

As noted above, this Court affirmed the Appellant's six-year sentence for evading arrest, a Class D felony. The Court also upheld the trial judge's decision regarding recusal. 2012 WL 976188 at *6. Any challenge the Appellant had to the entry of the amended judgment reflecting the change from a Class E to a Class D felony should have been pursued on direct appeal. *See* Tenn. R. Crim. P. 36. Moreover, the error alleged by the Appellant regarding the clerk's filing of the judgment sheet is of a clerical nature and does not render his sentence for evading arrest illegal. Clearly, the six-year sentence he received for evading arrest, a Class D felony, is within the applicable range of four to

eight years authorized by statute for a Range II offender. *See* Tenn. Code Ann. § 40-35-112(b)(1).

Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20. The matter is remanded to the trial court solely for the purpose of correcting the amended judgment on the evading arrest conviction to reflect the appropriate sentence imposition date of March 19, 2007.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

3